CHICAGO—FIRST DISTRICT—APRIL, 1914.     627

Ill. Pub. and Print. Co. v. The P. G. L. and C. Co., 185 Ill. App. 627.

## Illinois Publishing and Printing Company, Appellee, v. The Peoples Gas Light and Coke Company, Appellant.

### Gen. No. 18,662.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed April 1, 1914.

### Statement of the Case.

Action by Illinois Publishing and Printing Company against The Peoples Gas Light and Coke Company to recover pay for publishing advertisements in the Chicago Examiner at the instance of the defendant, the plaintiff being a corporation engaged in printing and publishing a newspaper known as the Chicago Examiner. Judgment was entered in favor of plaintiff on a directed verdict for $1,767.40. From the judgment, defendant appeals.

SEARS, MEAGHER & WHITNEY, for appellant; JAMES G. MEAGHER and EDWIN HEDRICK, JR., of counsel.

ROY D. KEEHN, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 29*—*when striking affidavit of merits and claim for set-off from files is error.* In an action to recover pay for publishing advertisements, defendant filed an affidavit of merits alleging that the defendant in pursuance of a written contract with plaintiff purchased a contract for advertising space in another publication subsequently absorbed by plaintiff and alleging that it was the duty of plaintiff to publish advertisements

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

for defendant and apply the charges on the contract for space pur-
chased by defendant.    Defendant also filed a claim of set-off for
breach of contract.    *Held* that the court erred in striking the affi-
davit of merits and the claim of set-off from the files.

2.   SET-OFF AND RECOUPMENT, § 10*—*when claim for set-off not for
unliquidated damages.*    A claim of set-off for breach of contract
to publish advertisement *held* not for unliquidated damages, where
there was no conflict as to the value of the space used or as to how
much in dollars and cents the space used represents, and the amount
still due under the contract being a mere matter of subtraction.

3.   APPEAL AND ERROR, § 969*—*when written instrument not pre-
sented for review.*    A writing which was not introduced in evidence
and nowhere preserved in the record is not presented for review.